**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMINE RAKIB,**<br>*Plaintiff*<br><br>**v.**<br><br>**O'NEAL INDUSTRIES, INC. d/b/a TW METALS, LLC,**<br>*Defendant* | **Civil No. 25-5602** |

# MEMORANDUM

**Costello, J.** **September 22, 2026**

Plaintiff Amine Rakib is a former employee of Defendant O'Neal Industries, Inc. Plaintiff took one month of leave under the Family and Medical Leave Act ("FMLA") to care for his parents and alleges that this resulted in retaliation and workplace hostility. He made four different complaints to O'Neal Industries' Human Resources department ("HR") and was terminated ten days after his final complaint. He brings this action alleging he was subject to discrimination, retaliation, and a hostile work environment based on his sex, religion, use of FMLA leave, and the disabled status of his parents. Defendant moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will grant Defendant's motion in part and deny in part.

## I. BACKGROUND

Plaintiff was hired by Defendant as a full-time Technical Support Specialist on February 15, 2022. Compl. ¶ 11 (ECF No. 1). In July 2023, Plaintiff requested to work remotely for one month to serve as a caregiver for his parents. *Id.* ¶ 14. This request was denied, although several of Plaintiff's coworkers had allegedly been permitted to work remotely in part or in full. *Id.* ¶¶

16-17. Plaintiff then took one month of FMLA leave. *Id.* ¶ 18. Upon his return, Plaintiff alleges that he was assigned to less complex work, excluded from work meetings, and generally treated with hostility by his supervisor. *Id.* ¶¶ 20-21. After one month, Plaintiff complained about this treatment to his skip-supervisor, who told Plaintiff he was "stubborn" and that he "did not like to work with women" because he was a Muslim male. *Id.* ¶ 35. Plaintiff complained to HR fourteen days later of discrimination based on religion, sex, and use of FMLA leave. *Id.* ¶¶ 37, 41. Plaintiff made three additional complaints to HR and was eventually terminated ten days after his final complaint on February 12, 2024. *Id.* ¶ 39.

On November 11, 2024, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("the EEOC"). Mem. in Supp. of Def.'s Mot. to Dismiss at 12 (ECF No. 12-2). He then, on September 30, 2025, filed the instant action. *See* ECF No. 1. He alleges violations of Title VII, the Americans with Disabilities Act ("ADA"), and the FMLA. *Id.* ¶¶ 43-74. Plaintiff requests compensatory and punitive damages, attorney's fees, and that Defendant be required to promulgate an effective policy against discrimination. *Id.* at 11.

Defendant moved to dismiss on December 11, 2025. *See generally* ECF No. 12. Defendant argues that (1) Plaintiff's claims of disparate treatment are conclusory, (2) Plaintiff's allegations regarding a hostile work environment do not rise to the level of "severe or pervasive," (3) Plaintiff's actions lacked sufficient temporal proximity to his termination to lead to an inference of causation, and (4) Plaintiff successfully took FMLA leave, barring his claim of interference under the FMLA. *Id.* Plaintiff opposed the motion. *See generally* Pl.'s Resp. (ECF No. 13).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts sufficient to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Assessing plausibility under *Twombly* requires three steps. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court must "take note of the elements the plaintiff must plead to state a claim." *Id.* (internal quotations and alterations omitted). Next, the Court must "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court must accept as true all "'well-pleaded factual allegations,'" draw all reasonable inferences from those allegations, and "'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679) (alterations omitted). "If the well-pleaded facts do not nudge the 'claims across the line from conceivable to plausible,' the Court must dismiss the complaint." *Lynch v. Tasty Baking Co.*, No. 23-cv-4445, 2024 WL 967842, at *2 (E.D. Pa. Mar. 6, 2024) (quoting *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

### A. Title VII

Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964 based on (1) discrimination, (2) hostile work environment, and (3) retaliation based on his status as a Muslim man.

**1. Discrimination**

A claim of discrimination based on religion or sex requires that "(1) [the Plaintiff] belongs to a protected class; (2) [he] is qualified for the position; (3) [he] suffered some form of adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination, because, for example, the employer treated similarly situated employees not in the plaintiff's protected class more favorably." *Collins v. Kimberly-Clark Pa., LLC*, 708 F. App'x 48, 52 (3d Cir. 2017). Defendants contend that Plaintiff's claims of disparate treatment are conclusory and that he identified no co-worker who received the privileges he claims he was denied. ECF No. 12-1 at 7-8.

Plaintiff does not allege any specific comments made by his direct supervisor regarding his sex or religion. He references a single comment made by his skip-supervisor that he was being "stubborn" and "did not like to work with women" because he was Muslim. ECF No. 1 ¶ 35. This is not sufficient to "give rise to an inference of unlawful discrimination." *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision."), *abrogated in part on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

Plaintiff alleges that women and non-Muslims were permitted to work remotely, while he was denied. ECF No. 1 ¶ 31. He only refers to his comparators as his coworkers and does not specifically allege that they had the same job title. *Id.* ¶ 16, 30-32. Whether coworkers are comparators requires an evaluation of a variety of factors, including job function, supervisory responsibility, and salary. *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 305 (3d Cir. 2004).

Here, Plaintiff has not alleged any of these factors. Therefore, he has not alleged sufficient facts to give rise to an inference that Defendant's coworkers were "similarly situated employees."

**2. Hostile Work Environment**

A Title VII claim of hostile work environment requires that the plaintiff establish "that 1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

Plaintiff makes only conclusory allegations of hostility that track the legal standard. For example, he alleges that non-Muslim and female coworkers were treated more favorably than him. He cites to conditions that changed after he took his FMLA leave, such as alterations to his job duties and exclusion from work meetings and other projects. ECF No. 1 ¶ 20-21. The only specific discrimination he alleges that did not pre-date his FMLA leave was his skip-supervisor's comment described above. This single comment may be offensive, but "a mere offensive utterance" does not rise to the level of severe or pervasive discrimination required to make out a hostile work environment claim. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) ("[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."). Because Plaintiff offers only vague and conclusory allegations, the Court will dismiss his hostile work environment claim.

### 3. Retaliation

"In order to establish a prima facie case of discriminatory retaliation under Title VII, [the Plaintiff] must show 1) that [he] engaged in protected activity, 2) that the employer took adverse action against [him], and 3) that a causal link exists between the protected activity and the employer's adverse action." *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997). Defendant challenges the first and third elements. ECF No. 12-1 at 9-10.

*Protected Activity.* Little detail is provided of Plaintiff's internal complaints, other than the dates on which they were made and that they were made to HR. ECF No. 1 ¶ 37. Plaintiff alleges that he complained of religious and sex-based discrimination, in addition to discrimination for requesting accommodations and using FMLA leave. *Id.* ¶ 41. Even though no further detail is provided, Plaintiff's allegations are sufficient.

Informal complaints to management, specifically referencing the alleged discrimination, are sufficient to qualify as protected activity—even if the allegations are "somewhat vague and conclusory." *Morrissey v. Luzerne Cnty. Comm. Coll.*, 117 F. App'x 809, 816 (3d Cir. 2004). A general complaint about unfair treatment is insufficient. *Davis v. City of Newark*, 417 F. App'x 201, 203 (3d Cir. 2011).

*Causal Connection.* Close temporal proximity relies upon the gap between the latest protected action and the alleged adverse action. *Fitzgerald v. Nat'l R.R. Passenger Corp., (Amtrak)*, No. 23-2340, 2024 WL 771711, at *3 (3d Cir. Feb. 26, 2024). Plaintiff made his final complaint on February 2, 2024, ten days prior to his termination. ECF No. 1 ¶ 37. This is sufficiently proximate to "give rise to the inference of causation." *Samuels v. Postmaster Gen.*, 257 F. App'x 585, 587 (3d Cir. 2007) (quoting *Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007)).

**B. Americans with Disabilities Act**

Plaintiff alleges that Defendant violated the ADA based on (1) discrimination, (2) hostile work environment, and (3) retaliation because he took leave to care for his disabled parents.

**1. Administrative Exhaustion**

Defendant contends that Plaintiff failed to administratively exhaust all required remedies because his EEOC Charge of Discrimination did not allege that his parents suffered from disabilities. ECF No. 12-1 at 10-11. He included in his Charge his request to work remotely to care for his parents with serious medical conditions, which was denied, causing him to use FMLA leave and resulting in alleged disparate treatment upon his return. ECF No. 12-2 at 12-13. Plaintiff additionally checked the box for "discrimination based on OTHER" which includes "Associational Disability/Hostile Work Environment," although he did not otherwise include any detail. *Id*. This is sufficient for administrative exhaustion. *Smith v. Presidio Networked Solutions, Inc.*, No. 22-736, 2024 WL 3203314, at *12 (E.D. Pa. June 26, 2024) (quoting *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) ("[T]he scope of Plaintiff's present action is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'")).

**2. Discrimination**

The standard for a prima facie case of associational disability discrimination requires that "(1) the plaintiff was 'qualified' for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; [and] (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision."

*Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 83 n.8 (3d Cir. 2019). The fourth element can be met when the adverse action was "motivated by unfounded stereotypes or assumptions about the need to care for a disabled person"; the "disabled relative's perceived health care costs to the company"; "fear of an employee contracting or spreading a relative's disease"; or because the relative's disability was perceived to be a distraction to the employee. *Id.* (quoting *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 511 & n.7 (3d Cir. 2009)).

Plaintiff alleges that the temporal proximity between his last complaint of discrimination and his termination provides the reasonable inference that the disabilities of his parents were a determining factor in Defendant's decision to terminate his employment. ECF No. 13-1 at 15-16. This is incorrect. The relevant temporal connection is between the employer's discovery of the associate's disability and the adverse action. *Erdman*, 582 F.3d at 511. Plaintiff's original notification as to his parents' disabilities was in July 2023 when he requested the ability to work remotely, and his February 2024 termination is not sufficiently close to draw a reasonable inference of causation. ECF No. 1 ¶ 14. Further, Plaintiff does not plead any alternative basis through which to satisfy the fourth element. As such, this claim will be dismissed.

**3. Hostile Work Environment**

There are five factors to a hostile work environment claim under the ADA: "(1) [Plaintiff] is a qualified individual with a disability under the ADA; (2) [he] was subject to unwelcome harassment; (3) the harassment was based on [his] disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and to create an abusive working environment; and (5) [the employer] knew or should have known of the harassment and failed to take prompt effective remedial action."

*Ballard-Carter v. Vanguard Grp.*, 703 F. App'x 149, 151-52 (3d Cir. 2017) (citing *Walton v. Mental Health Ass'n*, 168 F.3d 661, 667 (3d Cir. 1999)).

Plaintiff's claim is based on a hostile work environment due to his association with individuals with disabilities—here, his parents.[1] Plaintiff alleges that the change in his job duties following his return from FMLA leave, as well as his exclusion from meetings and hostile treatment by his supervisor, are the alleged harassment giving rise to this claim. ECF No. 1 ¶ 20-21. None of Plaintiff's allegations regarding the changes to his work environment after returning from leave rise to the level of "severe or pervasive."

The fact that Plaintiff's duties were curtailed and he was left out of meetings "may have resulted in a frustrating work situation, [but was not] . . . so severe or pervasive as to have affected a term, condition, or privilege of . . . employment." *Bradley v. Widnall*, 232 F.3d 626, 631-32 (8th Cir. 2000). The ADA does not require "a happy or even a civil workplace." *Ballard-Carter*, 703 F. App'x at 152.

Plaintiff states that he was treated with hostility but provided no specifics as to what this hostility consisted of or how the hostility was connected to his parents' disabilities or his request for leave. ECF No. 1 ¶ 21. "Threadbare recitals of a cause of action's elements, supported by

---

[1] Other courts have assumed without deciding that this claim exists. *See Clem v. Case Pork Roll Co.*, No. 15-6809, 2016 WL 3912021, at *5 (D.N.J. July 18, 2016) (finding that plaintiff's claim of a hostile work environment based on her association with her disabled husband failed because the comments failed to rise to the requisite level of severity); *Russell v. Geithner*, No. 09-0975, 2012 WL 5497769, at *21 (S.D. Ohio Nov. 13, 2012) (noting that it is not clear that a hostile environment claim arising from associational discrimination is cognizable under the ADA and that other courts confronting the issue have declined to decide either way whether such a claim is cognizable); *Zako v. Encompass Digit. Media, Inc.*, No. 19-0844, 2020 WL 3542323, at *14 (D. Conn. June 30, 2020) (finding plaintiff had not alleged an associational disability hostile work environment claim because he did not allege any comments or conduct by his employer related to insurance, genetic predisposition to develop his associate's disability, or distraction due to his associate's disability).

mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, this claim will be dismissed.

**4. Retaliation**

"To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Defendant only challenges the third element. ECF No. 12-1 at 14-16. Here, the ten-day gap between the final HR complaint and Plaintiff's termination is sufficient to establish a plausible causal connection. *See Fitzgerald*, 2024 WL 771711, at *3 (holding the relevant calculation is between the final protected activity and the adverse employment action). *See also Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 307 (3d Cir. 2012) (collecting cases finding between two days and three weeks to be "unduly suggestive temporal proximity").

**C. FMLA**

Plaintiff alleges that Defendant violated his rights under the FMLA by (1) interfering with his rights under the FMLA and (2) retaliating against him based on his use of FMLA leave.

**1. Interference**

To make a claim of interference under the FMLA, a plaintiff must establish: "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA." *Ross v. Gihuly*, 755 F.3d 185, 191-92

(3d Cir. 2014) (quoting *Johnson v. Cmty. Coll. of Allegheny Cnty.*, 566 F. Supp. 2d 405, 445 (W.D. Pa. 2008)).

Here, Plaintiff admits that he received the FMLA leave he requested in his Complaint. ECF No. 1 ¶ 18. He argues in his Response that Defendant considered his request to take FMLA leave when making the decision to terminate him, (ECF No. 13-1 at 20-21), but that allegation was not present in his initial Complaint nor is it sufficient to establish the elements of an interference claim. An interference claim requires that the FMLA benefits were actually withheld. *Ross*, 755 F.3d at 192 ("[Plaintiff]'s argument that [Defendant] interfered with his entitlement to take FMLA leave free from later discrimination confuses interference with retaliation and is thus misdirected."). Thus, Plaintiff cannot meet the fifth element.

**2. Retaliation**

To succeed on an FMLA retaliation claim based on circumstantial evidence, a plaintiff must show that "(1) [he] invoked [his] right to FMLA-qualifying leave, (2) [he] suffered an adverse employment decision, and (3) the adverse action was causally related to [his] invocation of rights." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 256 (3d Cir. 2014) (quoting *Lichtenstein*, 691 F.3d at 302). Here, Plaintiff solely relies on termination as the adverse action, which was six months after he returned from his FMLA leave. This is insufficient to establish causation via temporal proximity alone. *Steidle*, 179 F.4th at 210 (A "six-month gap alone is insufficient to establish an unusually suggestive temporal proximity.").

Causation can also be established based on whether "the proffered evidence, looked at as a whole, may suffice to raise the inference" of causation, which can be established if the employer "engaged in a pattern of antagonism in the intervening period." *Id.* While Plaintiff alleges that his job duties changed to pertain to less complex work and he was not invited to

certain meetings, this does not rise to the necessary "pattern of antagonism." ECF No. 1 ¶ 20-21. Plaintiff alleges that his supervisor treated him with "hostility," but the pleadings do not provide any further specifics requisite to meet the "well-pleaded facts" standard. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Thus, Plaintiff cannot establish causation as to this claim,

## IV. CONCLUSION

The Court will grant Defendant's motion to dismiss Rakib's Title VII and ADA discrimination and hostile work environment claims, as well as his FMLA interference and retaliation claims. However, the Court will deny Defendant's motion to dismiss Rakib's Title VII and ADA retaliation claims. An appropriate Order follows.

**BY THE COURT:**



MARY KAY COSTELLO
United States District Judge